## Leon v. Country Club Diner, Inc.

*Steven M. Dranoff,* for plaintiff.
*David E. Prewitt,* for defentant.
*Michael Kleeman,* for City of Phila.

GREENBERG, *J.*, June 20, 1975—It is clear from all of the pleadings in this case, as well as from plaintiff's memorandum of law and answer to the motion for summary judgment, that plaintiff's action is one for false arrest, false imprisonment and slander. It certainly is not an action for personal injuries for which the applicable statute of limitations is two years as set forth in the Act of June 24, 1895, P. L. 236, 12 PS §34.

While plaintiff maintains that she "is not seeking to recover for libel, slander and/or malicious prosecution or false arrest," she does state that the complaint sets forth a cause of action for false imprisonment.

A reading of the complaint can lead to no other conclusion but that this is an action for false arrest, false imprisonment and possibly slander, and it cannot be converted into something else by allegations that the actions of defendant were "improper, wilful, wanton, malicious and grossly negligent." These are conclusory words which apply to the conduct of defendant, which conduct in this case could only give rise to the causes of action previously mentioned.

The statutes of limitation for this type of action is one year and, from the pleadings, it is clear that the complaint was filed after that period of time had elapsed.

Accordingly, we enter the following

## ORDER

The motion of defendant, Country Club Diner, Inc., for summary judgment is granted and judgment is hereby entered in favor of said defendant.